**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

THEOPHILE M. MPOYI,                  )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )        No. 4:26-CV-01052 RWS
                                     )
MISSOURI JACK, LLC,                  )
d/b/a JACK IN THE BOX,               )
                                     )
        Defendant.                   )

## <u>MEMORANDUM AND ORDER</u>

Self-represented Plaintiff Theophile Mpoyi brings this employment discrimination action under Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 2000e, *et seq.*, alleging he was unlawfully terminated due to his race and color, retaliated against and subjected to a racially hostile work environment. Plaintiff moves to proceed in this action in forma pauperis, or without payment of the filing fee. [ECF No. 2]. He has moves for appointment of counsel. [ECF No. 3]. After reviewing the financial information provided by Plaintiff, the Court will waive the filing fee in this matter. Plaintiff's motion for appointment of counsel, however, will be denied without prejudice.

After review of the complaint pursuant to 28 U.S.C. § 1915, the Court will require Plaintiff to file an amended complaint on an Employment Discrimination Court-form within 30 days of the date of this Memorandum and Order. Plaintiff must additionally file a copy of his Equal Employment Opportunity Commission (EEOC) Charge of Discrimination as an attachment to his amended complaint. Plaintiff's failure to comply with this Order in all relevant aspects will result in a dismissal of this lawsuit, without prejudice.

-1-

**The Complaint**

Plaintiff is a self-represented litigant who brings this Title VII action against his former employer Jack in the Box alleging unlawful termination due to his race and color, retaliation and a racially hostile work environment. Plaintiff, an African American man, has submitted a Court-provided complaint form in this action. [ECF No. 1]. However, the allegations outlined in the form are somewhat sparse. He notes that he was discriminated against between August of 2024 and December of 2024, and he claims the discrimination was because he was black and was also due to his color. [ECF No. 1 at 3, 5]. He claims that his "co-workers and managers repeatedly used the N-word," and "management failed to stop the conduct." *Id*. at 5. Plaintiff does not indicate if the N-word was directed at him or if any other slurs or racially-charged comments were used at him or in the workplace.

Plaintiff additionally states that "his hours were reduced," but it is unclear if this occurred prior to him complaining about the racist conduct or afterwards. Plaintiff clearly states in his complaint, however, that he was terminated from his position "shortly after complaining," indicating that he believes this occurred as retaliation for his grievances. *Id.* He further states that he was terminated even though he had no prior disciplinary warnings. *Id*.

.      Plaintiff alleges that he complained about the conduct in a Charge of Discrimination that he filed with the EEOC. *Id*. at 4. However, he failed to attach the Charge of Discrimination to his complaint. Accordingly, the Court will require him to attach his Charge to an amended pleading.

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To

state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of liberal construction does not mean that procedural rules

-3-

in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

While a plaintiff "need not set forth "detailed factual allegations," or "specific facts" that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." *Gregory v. Dillard's, Inc.,* 565 F.3d 464, 473 (8th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) and *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). A district court, therefore, is "not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." *Gregory*, 565 F.3d at 473. But when there are "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 556 U.S. at 679.

At the pleading phase, a plaintiff need not plead facts establishing a prima facie case for their employment discrimination claim. *See Wilson v. Arkansas Dep't of Human Services*, 850 F.3d 368, 372 (8th Cir. 2017); *Ring v. First Interstate Mortgage, Inc.,* 984 F.2d 924, 926–27 (8th Cir. 1993). In *Swierkiewicz*, the Supreme Court "negated any need to plead a prima facie case in the discrimination context and emphasized that the prima facie model is an evidentiary, not a pleading, standard." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002)). Because the prima facie model is not a pleading standard, "there is no need to set forth a detailed evidentiary proffer in a complaint." *Id. See Ring*, 984 F.2d at 926–27.

The "elements of the prima facie case are [not] irrelevant to a plausibility determination in a discrimination suit." *Blomker*, 831 F.3d at 1056. The allegations in a complaint must "'give

plausible support to the reduced prima facie requirements that arise under *McDonnell Douglas*,' which in turn 'reduces the facts needed to be pleaded under *Iqbal*.'" *Wilson*, 850 F.3d at 372 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 310, 312 (2d Cir. 2015)). *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The elements are "part of the background against which a plausibility determination should be made." *Blomker*, 831 F.3d at 1056 (quoting *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) ("This approach is fully consistent with *Swierkiewicz's* dictates")). The elements of a prima facie case "may be used as a prism to shed light upon the plausibility of the claim." *Id.* (citation omitted). Through this prism, the complaint "must include sufficient factual allegations to provide the grounds on which the claim rests." *Id.* (emphasis in original) (quoting *Gregory*, 565 F.3d at 473).

## Discussion

### 1. Plaintiff Must Amend His Complaint on a Court-Provided Employment Discrimination Complaint Form

Because Plaintiff's claims are somewhat sparse and he has failed to connect his claims to dates, times, circumstances and persons, the Court will require Plaintiff to amend his complaint on the Court's Employment Discrimination Complaint form. In completing his amended complaint, Plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. His self-represented status does not excuse him from following the Federal Rules of Civil Procedure or the Local Rules of this Court. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856-57 (8th Cir. 1996).

Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of

the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002).

Rule 10(b) requires Plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Each count shall then set forth in single paragraphs: 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other rights that Defendant violated; and 3) the relief Plaintiff seeks for the claim (for example, money damages or equitable relief). Plaintiff shall follow the same format with respect to each claim he has against Defendant.

In stating the facts of a claim, Plaintiff must describe the conduct he alleges is unlawful and the date(s) such conduct occurred, if known. In other words, Plaintiff must describe the adverse employment action(s) he believes was taken, when it was taken, why it amounted to discrimination or other unlawful conduct, and the basis for such discrimination or unlawful conduct, that is, race and/or color discrimination under Title VII, retaliation under Title VII, retaliatory discharge under Title VII, a racially hostile work environment, etc.

The Court will direct the Clerk of Court to provide Plaintiff with an Employment Discrimination Complaint form, and Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint on the form provided. The amended complaint must be signed under penalty of perjury and completed in accordance with the instructions provided in the form as well as the instructions provided in this Memorandum and Order. Plaintiff is cautioned that the filing of the amended complaint completely replaces all earlier filed pleadings in this

-6-

action. Claims that are not realleged are deemed abandoned. *E.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005).

### 2. Exhaustion of Title VII Claims Requires Plaintiff to Provide a Copy of His Charge of Discrimination

Prior to bringing a Title VII case to federal court, a litigant is required to properly exhaust his administrative remedies with the Equal Employment Opportunity by filing a Charge of Discrimination with the EEOC and receiving a Right to Sue letter. *Stuart v. General Motors Corp.,* 217 F.3d 621, 630 (8th Cir. 2000). Additionally, the litigant is then required to file his lawsuit in federal court within 90 days of receipt of his Right to Sue letter. *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 222 (8th Cir. 1994) (citing 42 U.S.C. § 2000e–5(f)(1)); *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 919 (8th Cir. 2018); *see also Randolph v. Rogers,* 253 F.3d 342, 347 n.8 (8th Cir. 2001) ("Title VII of the Civil Rights Act of 1964 and Title I of the ADA both require exhaustion of administrative remedies").

Although Plaintiff appears to have filed this lawsuit within 90 days of receipt of his Right to Sue, Plaintiff has failed to provide the Court with a copy of his Charge of Discrimination. Thus, the Court is unable to ascertain if the claims he is pursuing under Title VII are "like or reasonably related" to the claims in this lawsuit. *See Duncan v. Delta Consolidated Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004). Plaintiff's failure to provide a copy of his Charge of Discrimination within 30 days of the date of this Order will result in the dismissal of Plaintiff's Title VII claims without prejudice.

### 3. Plaintiff Has Failed to Properly Allege a Hostile Work Environment Under Title VII

To establish a prima facie case for hostile work environment, a Plaintiff must show: 1) he belongs to a protected group; 2) he was subject to unwelcome harassment; 3) a causal nexus exists

between the harassment and the protected group status; 4) the harassment affected a term, condition, or privilege of employment; and 5) his employer knew or should have known of the harassment and failed to take proper action. *Warmington v. Bd. of Regents of Univ. of Minnesota*, 998 F.3d 789, 799 (8th Cir. 2021). "At the pleading phase, the court must determine whether the alleged harassment is 'severe or pervasive enough to create an objectively hostile or abusive work environment and the victim must subjectively believe his working conditions have been altered.'" *Id.* (quoting *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016)). The Eighth Circuit explained the "high threshold for a ... harassment claim based on hostile work environment, as follows:

> To determine whether a complaint alleges an objectively hostile work environment, the court looks at the "totality of the circumstances." The court may consider circumstances such as the "frequency and severity of the discriminatory conduct," whether the conduct was "physically threatening or humiliating, as opposed to a mere offensive utterance," and whether the "conduct unreasonably interfered with the employee's work performance." A hostile work environment claim must allege more "than a few isolated incidents." The alleged harassment "must be so intimidating, offensive, or hostile that it poisoned the work environment." The Supreme Court has "cautioned courts to be alert for workplace behavior that does not rise to the level of actionable harassment." The "standards for a hostile environment are demanding, and conduct must be extreme and not merely rude or unpleasant to affect the terms and conditions of employment." Courts must "filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." Even "vile or inappropriate" behavior may be insufficient to rise to the level of an actionable hostile work environment claim.

*Warmington*, 998 F.3d at 799.

Plaintiff has failed to properly allege how his work environment was racially abusive. Rather, he has included in his complaint what appears to be one racially offensive statement – the N-word – used in the work environment. He has not included any facts in his complaint indicating that he was subjected to racially based jokes or inappropriate behavior *based on* his race (or specifically directed at him), and he has failed to include any facts alleging that one of the people

-8-

at his work acted in a physically threatening or humiliating manner due to his race. As currently stated, Plaintiff has failed to show a racially hostile work environment under Title VII.

Plaintiff should amend his complaint to include all claims he has alleging a racially hostile work environment under Title VII.

### Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. [ECF No. 3]. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing,* 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail,* 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall provide Plaintiff with a copy of the Court's Employment Discrimination Complaint-form.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] is **GRANTED and the filing fee is waived.**

**IT IS FURTHER ORDERED** that **within 30 days of the date of this Memorandum and Order,** Plaintiff shall file an amended complaint on the Court's Employment Discrimination Court form.

**IT IS FURTHER ORDERED** that Plaintiff shall attach to his form amended complaint, a copy of his EEOC Charge of Discrimination. Plaintiff's Charge of Discrimination is due to the Court **no later than 30 days** from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to comply with this Order in all relevant aspects, the Court will dismiss this action, without prejudice.

Dated this 2nd day of July, 2026.

_____

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

-10-